## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

NATHAN MEDINA,

              Plaintiff,

vs.

TOM LEONARD, Michigan State
Representative, in his official and individual
capacity, THE DOCTORS COMPANY
INSURANCE SERVICES, LLC, and THE
DOCTORS MANAGEMENT COMPANY,
jointly and severally,

              Defendants.

**CASE NO.  1:18-cv-01111**

**HON. JANET T. NEFF**

**MAG. ELLEN S. CARMODY**

---

JACK W. SCHULZ (P78078)
ELIZABETH A. GOTHAM (P79058)
***SCHULZ GOTHAM PLC***
P.O. Box 44855
Detroit, Michigan  48244
Telephone:    (313) 652-1906
jackwschulz@gmail.com
egtham@schulzgotham.com
***Attorneys for Plaintiff***

JACLYN R. GIFFEN (P75316)
***LITTLER MENDELSON, P.C.***
200 Renaissance Center
Suite 3110
Detroit, Michigan  48243
Telephone:    (313) 202-3261
jgiffen@littler.com
***Attorneys for Defendants The Doctors
Company Insurance Services and
The Doctors Management Company, only***

---

### DEFENDANTS THE DOCTORS COMPANY INSURANCE SERVICES AND THE DOCTORS MANAGEMENT COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

Defendants, The Doctors Company Insurance Services, LLC ("TDCIS") and The Doctors Management Company ("TDMC"), through their attorneys, Littler Mendelson, P.C., and for their Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Trial by Jury, states as follows:

## INTRODUCTION

1.     Plaintiff Nathan Medina was employed as a Government Relations (sic) with The Doctors Company from May 2014 until his employment was abruptly ended following the intervention of Michigan Speaker of the House Tom Leonard who pressured The Doctors Company to terminate Plaintiff.  Leonard's actions arose from a Facebook post by Plaintiff criticizing his performance as Speaker and his endorsement by rock artist Ted Nugent—comments which are protected free speech under the First Amendment.  Although The Doctors Company is a private entity, its actions are deemed to be "under the color of law" or subject to liability for constitutional violations if the actions were coerced or encouraged by a public actor under the "State Compulsion Test."  The present case represents a model example of this well-established law.

Additionally, Plaintiff alleges that he received unequal treatment on the basis of his national origin, Latino, as numerous Caucasian colleagues have openly criticized elected officials and shared political beliefs without repercussion.  Plaintiff, who on information and belief was the only Latino in The Doctors Company's Government Relations Department was treated as an outsider and ultimately terminated due to a double standard.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 1 of the Complaint, except to admit that Plaintiff was employed with TDMC as a Government Relations Specialist, and Plaintiff's Complaint alleges purported retaliation based on alleged free speech pursuant to the First Amendment of the United States Constitution and discrimination on the basis of his national origin.  Defendant TDMC denies that it engaged in retaliation or discrimination as asserted in the Complaint, or in any other manner.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and therefore, denies the allegations.

<u>**PARTIES**</u>

2.      Plaintiff Nathan Medina is an individual who was employed by Defendants and resides in Ingham, Michigan.

**ANSWER:**   Defendant TDMC admits only that its personnel records reflect that Plaintiff resided in Ingham, Michigan while he was employed with TDMC.  Defendant TDMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint and, therefore, it denies those allegations.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 of the Complaint and therefore, denies the allegations.

3.      Defendant Tom Leonard is an individual and elected member of the Michigan House of Representatives.  Tom Leonard currently serves as Speaker of the Michigan House of Representatives.  On information and belief, Tom Leonard is a resident of the Western District of Michigan.

**ANSWER:**   Defendant TMDC admits that Tom Leonard is an elected member of the Michigan House of Representatives and currently serves as Speaker of the Michigan House of Representatives.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint and, therefore, it denies those allegations.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint and therefore, denies the allegations.

4.     Defendant The Doctors Company Insurance Services, LLC, is a Foreign Limited Liability Company organized under the laws of the State of California.  The Doctors Company Insurance Services, LLC, registered business address in Michigan is 601 Abbot Rd. East Lansing, MI 48823.

**ANSWER:**   Defendants admit that Defendant TDCIS is a California Limited Liability Company organized under the laws of the State of California and that TDCIS has a registered agent for service of process located at 601 Abbot Road, East Lansing, MI 48823.  Defendants further state that TDCIS is not a proper defendant as it was not Plaintiff's employer.  Plaintiff was employed with The Doctors Management Company.  Defendants deny the remaining allegations of Paragraph 4.

5.     Defendant The Doctors Management Company, on information and belief, is a Foreign Limited Liability Company organized under the laws of the State of California.

**ANSWER:**   Defendants admit that Defendant The Doctors Management Company is a California corporation.  Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.     This Court has exclusive jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and laws of the United States, specifically under the First Amendment related to free speech, wherein the termination was triggered by the Plaintiff's speech addressing matters of public concern, and due process claims

under 42 U.S.C. § 1983 regarding the deprivation of the Plaintiff's constitutionally protected property and liberty interests.

**ANSWER:**  Defendant TDMC admits that jurisdiction is proper in this Court and that Plaintiff's Complaint alleges purported violations of the First Amendment relating to free speech.  Defendant denies that it engaged in retaliation as asserted in the Complaint, or in any other manner.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint and therefore, denies the allegations.

7.      The Court has original jurisdiction over Plaintiff's Title VII claims pursuant to § 706 of Title VII, 42 U.S.C. § 2000 *et seq*.

**ANSWER:**   Defendant TDMC admits that jurisdiction is proper in this Court.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and therefore, denies the allegations.

8.      Plaintiff has exhausted all available administrative remedies and has obtained his "right to sue letter" from the EEOC. (***Exhibit A***)

**ANSWER:**   Defendant TDMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, it denies those allegations.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint and therefore, denies the allegations.

9.      This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**   Defendant TDMC admits that venue is proper in this Court.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint and therefore, denies the allegations.

10.     Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

**ANSWER:**   Defendant TDMC admits that this Court has jurisdiction over Plaintiff's state law claims.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and therefore, denies the allegations.

## GENERAL ALLEGATIONS

11.     Plaintiff Nathan Medina ("Plaintiff" or "Medina") is of Mexican ancestry.

**ANSWER:**   Defendant TDMC admits that Plaintiff voluntarily reported to Defendant TDMC as part of an EEO Survey that he identifies as, "Hispanic or Latino: A person of Cuban, Mexican, Puerto Rican, South or Central American, or Other Spanish culture or origin, regardless of race."

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint and therefore, denies the allegations.

12.     The Doctors Company is the nation's largest physician-owned medical malpractice insurer and is based out of Napa, California.

**ANSWER:**   Defendants admits only that The Doctors Company, an Interinsurance Exchange, is the nation's largest physician-owned medical malpractice insurer and is based out of Napa, California.

13.    Plaintiff began his employment at (sic) with Defendants The Doctors Company Insurance Services, LLC, and The Doctors Management Company (collectively, "The Doctors Company") as a Government Relations Specialist in their East Lansing, Michigan office beginning May 2014.

**ANSWER:**   Defendants deny the allegations in Paragraph 13 as to TDCIS.  Plaintiff was not employed with TDCIS.  Defendant TDMC admits the allegations in Paragraph 13 of the Complaint as to The Doctors Management Company only.

14.    Plaintiff was interviewed and selected for hire by the Assistant Vice-President of Government Relations Hal Dasinger ("AVP Dasinger").

**ANSWER:**   Defendant TDMC admits only that Harry (Hal) Dasinger participated in Plaintiff's interview and hiring process.   Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint and therefore, denies the allegations.

15.    Aside from Plaintiff, the majority of The Doctors Company's governmental affairs employees were based out of Napa, California.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 15 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and therefore, denies the allegations.

16.     In his position, Plaintiff oversaw legislative issues in fifteen states, Connecticut, Delaware, Illinois, Indiana, Kansas, Kentucky, Maryland, Michigan, Missouri, New Jersey, New York, Ohio, Pennsylvania, Wisconsin, and West Virginia.

**ANSWER:**  Defendant TDMC denies the allegations in Paragraph 16 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint and therefore, denies the allegations.

17.     The work in the above listed States is far from equal.  The clear majority of the work occurred in Ohio, Missouri, Illinois, and New York.  Notably, very little lobbying has been done in Michigan and other states with significant tort reform.

**ANSWER:**  Defendant TDMC denies the allegations in Paragraph 17 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint and therefore, denies the allegations.

18.     Plaintiff also managed to (sic) multi-client lobbyists Sean Mentel and Rich AuBuchon.

**ANSWER:**  Defendant TDMC denies the allegations in Paragraph 18 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint and therefore, denies the allegations.

19.     During Plaintiff's employment with the Doctor's company he regularly received positive performance reviews.  However, he felt he was treated as somewhat of an outsider from Defendant as the Company's management was almost entirely made of white males.

**ANSWER:**    Defendant TDMC admits that Plaintiff received a favorable performance review in 2016.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding how Plaintiff "felt" and, therefore, it denies those allegations. Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint and therefore, denies the allegations.

20.     On information and belief, Plaintiff was the only Latino employee in The Doctors Company's government relations department.

**ANSWER:**    Defendant TDMC denies the allegations in Paragraph 20 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint and therefore, denies the allegations.

21.     During Plaintiff's employment with The Doctors Company there were several inferences of stereotypes against him based on being Mexican by Caucasian employees.

**ANSWER:** Defendant TDMC denies the allegations in Paragraph 21 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint and therefore, denies the allegations.

22.   The receptionist in the East Lansing office, regularly referred to Plaintiff as "Wayne Newton" due to his appearance.  Notably, Wayne Newton has distinct Native American features similar to that of Plaintiff.

**ANSWER:** Defendant TDMC denies the allegations in Paragraph 22 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint and therefore, denies the allegations.

23.   In 2016, AVP Hasinger departed The Doctors Company and was replaced by Elizabeth Healy ("AVP Healy").

**ANSWER:** Defendant TDMC admits only that Mr. Hasinger departed TDMC in January 2016.  TMDC denies the remaining allegations in Paragraph 23 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint and therefore, denies the allegations.

24.   Around the week of September 5, 2016, during a government relations retreat at the Silverado Resort and Spa in Napa, CA, Plaintiff mentioned to AVP Healy that he felt challenged in his position as a Latino, as well as being the only Latino in his branch of the

company.  AVP Healy acknowledged Plaintiff's struggles and mentioned that she too felt she was met with higher standards as a woman and that the structure of The Doctors Company was hostile to people who were not white males.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 24 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint and therefore, denies the allegations.

25.    Outside of work, Plaintiff was very vocal within the community as to his views, concerns, and disagreements in politics.  Plaintiff frequently posts his personal opinions on his private social media account.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, therefore, deny those allegations.

26.    It was common for employees at The Doctors Company to openly discuss politics and their political beliefs publicly.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 26 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint and therefore, denies the allegations.

27.    On November 20, 2017, the Plaintiff shared a Facebook post of current Michigan Speaker of the House, Defendant Tom Leonard ("Defendant Leonard") in which Defendant

Leonard announced his endorsement by rock musician Ted Nugent in the upcoming election for Michigan Attorney General. Plaintiff commented on his own private personal Facebook questioning Defendant Leonard's judgment in showcasing an endorsement from Nugent. *(Exhibit B)* Specifically, Plaintiff emphasized Ted Nugent's previous alleged relationships with underage women and song lyrics glorifying sexual encounters with underage women—or "jailbait." Plaintiff also referred to Defendant Leonard as the "worst Speaker of the Michigan House of Representatives in a generation." *(Exhibit B)*

**ANSWER:** Defendant TDMC admits the allegations in Paragraph 27 of the Complaint and further states that Plaintiff's Facebook post speaks for itself.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint and therefore, denies the allegations.

28. Plaintiff submitted this comment on his personal Facebook page as a private citizen on a matter of public interest.

**ANSWER:** Defendants neither admit nor deny Paragraph 28 of the Complaint as it calls for a legal conclusion for which no response is required.

29. The First Amendment to the Constitution of the United States protects the rights of private citizens to speak freely on subjects of their choice including, but not limited to, the subject electoral politics, elected politicians, public officials, and the nature of such individuals' political activities and affiliations.

**ANSWER:** Defendants neither admit nor deny Paragraph 29 of the Complaint as it calls for a legal conclusion to which no response is required.

30.     Shortly after the Facebook post, Plaintiff received a call from The Doctors Company's Human Resources Attorney Jason Yamamoto ("HR Yamamoto").   HR Yamamoto stated that The Doctors' Company had been contacted by Defendant Leonard who complained about Plaintiff's post and that Defendant Leonard would be blackballing Plaintiff indefinitely due to the Facebook post.

**ANSWER:**   Defendant TMDC denies the allegations in Paragraph 30 of the Complaint, except to admit that Associate General Counsel, Jason Yamamoto, contacted Plaintiff regarding the Facebook post.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint and therefore, denies the allegations.

31.     Defendant Leonard pressured and urged The Doctors Company to take disciplinary action against Plaintiff due to his protected speech.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 31 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint and therefore, denies the allegations.

32.     HR Yamamoto requested Plaintiff remove the statement and Plaintiff complied.

**ANSWER:**    Defendant TDMC admits only that Mr. Yamamoto requested that Plaintiff remove the Facebook post.  Defendant TMDC lacks sufficient knowledge to form a belief about whether or not Plaintiff actually removed the Facebook post and therefore, denies that allegation.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint and therefore, denies the allegations.

33.     HR Yamamoto vaguely stated that there he was aware of "other conduct" by Plaintiff that "reflects poorly" on The Doctors Company.  However, Plaintiff has never been provided with any information beyond this vague statement and no complaints have ever been brought to his attention.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 33 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint and therefore, denies the allegations.

34.     The Plaintiff was shortly thereafter terminated on November 27, 2017, because of voicing his political views.  Plaintiff was explicitly informed during the meeting that his termination was due to statements from Defendant Leonard.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 34 of the Complaint, except to admit that Plaintiff was terminated effective November 28, 2017.  Except as specifically admitted, Defendant denies the allegations in Paragraph 34 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint and therefore, denies the allegations.

35.     Subsequently, Plaintiff was informed that his former coworkers were notified that Plaintiff was an excellent employee but "their hands were tied" due to the situation with Defendant Leonard.

**ANSWER:**    Defendant TDMC denies the allegations in Paragraph 35 of the Complaint, except to state that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations with regard to what Plaintiff "was informed" about and, therefore, it denies those allegations.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint and therefore, denies the allegations.

36.     Plaintiff believes his termination by The Doctors Company to be racial discriminatory as numerous Caucasian colleagues have openly criticized elected politicians without any repercussion.   In terminating Plaintiff, a Latino, for conduct routinely committed by his Caucasian colleagues, The Doctors Company subjected Plaintiff to unequal treatment on the basis of national origin.

**ANSWER:**    Defendant TDMC denies the allegations in Paragraph 36 of the Complaint, except to state that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations with regard to what Plaintiff "believes" and, therefore, it denies those allegations.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint and therefore, denies the allegations.

**COUNT I**
**TERMINATION IN VIOLATION OF 1ST AMENDMENT -- 42 USC 1983**

*(All Defendants)*

37.     All preceding paragraphs are incorporated by reference.

**ANSWER:**   Defendants reallege and incorporate by reference their answers to Paragraphs 1-36 of Plaintiff's Complaint as if fully set forth herein.

38.     The First Amendment to the Constitution of the United States protects the rights of private citizens to speak freely on subjects of their choice.  This includes the subject electoral politics, elected politicians, public officials, and the nature of such individuals' political activities and affiliations.

**ANSWER:**   Paragraph 38 of the Complaint calls for a legal conclusion for which no response is required.

39.     Plaintiff exercised his various First Amendment rights as a private citizen on matters of public concern relating to Defendant Leonard's performance and questionable endorsements.

**ANSWER:**   Paragraph 39 of the Complaint calls for a legal conclusion for which no response is required.

40.     As set forth above, Plaintiff engaged in constitutionally-protected speech on matters of public concern.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 40 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint and therefore, denies the allegations.

41.     Defendant Leonard's actions were intended to cause a chilling effect on Plaintiff's protected speech in violation of the Free Speech Clause of the First Amendment as applied to the

states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

**ANSWER:**   The allegations in Paragraph 41 of the Complaint are directed to Defendant Leonard and no response is required from TDMC or TDCIS.  If a response were required, Defendant TDMC denies the allegations in Paragraph 41 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint and therefore, denies the allegations.

42.     Defendant Leonard's actions, inducing The Doctors Company to terminate plaintiff's employment, was (sic) in retaliation for Plaintiff's exercise of First Amendment rights. This retaliation against Plaintiff violates his First Amendment rights under 42 USC § 1983.

**ANSWER:**   The allegations in Paragraph 42 of the Complaint are directed to Defendant Leonard and no response is required from TDMC or TDCIS.  If a response were required, Defendant TDMC denies the allegations in Paragraph 42 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff.  TDCIS lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 42 of the Complaint and therefore, denies the allegations.

43.     A reasonable government official in the position of Defendant Leonard would know that their actions directed against Plaintiff would violate his First Amendment constitutional rights.

**ANSWER:**   The allegations in Paragraph 43 of the Complaint are directed to Defendant Leonard and no response is required from TDMC or TDCIS.  If a response were required, Defendant TDMC denies the allegations in Paragraph 43 of the Complaint.

TDCIS denies that it engaged in any conduct with regard to Plaintiff.  TDCIS lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 43 of the Complaint and therefore, denies the allegations.

44.    Defendant Leonard acted with such coercive power and provided such significant encouragement of discipline against Plaintiff that in the law the choice of The Doctors Company was that of the State's and/or his.  As such, The Doctors Company acted under the color of law with respect to Plaintiff's discharge under the "State Compulsion Test."

**ANSWER:**   The allegations in Paragraph 44 of the Complaint are directed to Defendant Leonard and no response is required from TDMC or TDCIS.  If a response were required, Defendant TDMC denies the allegations in Paragraph 44 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS.  TDCIS denies that it engaged in any conduct with regard to Plaintiff.  TDCIS lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 44 of the Complaint and therefore, denies the allegations.

45.    Defendants acted with malice with regard to the deprivation of Plaintiff's Constitutional rights.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 45 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff and denies the allegations in Paragraph 45 of the Complaint.

46.     As a result of the conduct complained of herein, Plaintiff suffered a deprivation of clearly-established rights protected and secured by the First and Fourteenth Amendments to the United States Constitution and by other laws, including the right to free speech and the right to be free from retaliation for exercising the right to free speech.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 46 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff and denies the allegations in Paragraph 46 of the Complaint.

47.     As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 47 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff and denies the allegations in Paragraph 47 of the Complaint.

## COUNT II
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985
### (*All Defendants*)

48.     All preceding paragraphs are incorporated by reference.

**ANSWER:**   Defendants reallege and incorporate by reference their answers to Paragraphs 1-47 of Plaintiff's Complaint as if fully set forth herein.

49.     Defendant Leonard contacted The Doctors Company Defendants seeking discipline and/or termination against the Plaintiff because of his constitutionally protected speech.  In doing so, Defendant Leonard was seeking to chill Plaintiff's protected speech.

**ANSWER:**   The allegations in Paragraph 49 of the Complaint are directed to Defendant Leonard and no response is required from TDMC or TDCIS.  If a response were required, Defendant TDMC denies the allegations in Paragraph 49 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint and therefore, denies the allegations.

50.     Acting jointly, Defendants engaged and participated in, and acted in furtherance of, a conspiracy, the predominate purposes of which was to unconstitutionally deprive Plaintiff of his right of freedom of speech guaranteed under the First Amendment to the United States Constitution as applied to the states and their political subdivisions under the Fourteenth Amendment to be free of coercive interference with the constitutional right to protected private speech of matters of public concern in violation of 42 U.S.C. § 1985.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 50 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff and denies the allegations in Paragraph 50 of the Complaint.

51.     As a direct and proximate result of actions taken by the Defendants in furtherance of the foregoing conspiracy to deprive plaintiff of his rights, plaintiff has suffered and will continue to suffer substantial damages, including but not limited to pain and suffering, mental anguish and emotional distress, embarrassment and humiliation and loss of employment opportunities.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 51 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff and denies the allegations in Paragraph 51 of the Complaint.

## COUNT III
## INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIP OR EXPECTANCY
### (*Defendant Leonard*)

52.     All preceding paragraphs are incorporated by reference.

**ANSWER:**   Defendants reallege and incorporate by reference their answers to Paragraphs 1-51 of Plaintiff's Complaint as if fully set forth herein.

53.     Plaintiff had a valid business relationship and/or business expectancy with Defendants The Doctors Company Insurance Services, LLC, and The Doctors Management Company, through his continuing employment as a Government Relations Specialist.

**ANSWER:**   The allegations in Paragraph 53 of the Complaint are directed to Defendant Leonard and no response is required from TDMC or TDCIS.  To the extent a response

is required TDMC responds that Plaintiff was employed with TDMC as a Government Relations Specialist. TDMC denies the remaining allegations in Paragraph 53 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint and therefore, denies the allegations.

54.     This business relationship provided an economic benefit to Plaintiff and was likely to continue providing him with an economic benefit well into the foreseeable future.

**ANSWER:**   The allegations in Paragraph 54 of the Complaint are directed to Defendant Leonard and no response is required from TDMC or TDCIS. To the extent a response is required TDMC denies the allegations in Paragraph 54 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint and therefore, denies the allegations.

55.     Defendant Leonard was aware of this business relationship and/or expectancy.

**ANSWER:**   The allegations in Paragraph 55 of the Complaint are directed to Defendant Leonard and no response is required from TDMC or TDCIS. To the extent a response is required TDMC denies the allegations in Paragraph 55 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff. TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint and therefore, denies the allegations.

56.     Defendant Leonard intentionally and improperly interfered with this business relationship and/or expectancy, by blacklisting Plaintiff and using political pressure to induce The Doctors Company to terminate Plaintiff because Plaintiff's protected speech was not to Defendant Leonard's personal liking.

**ANSWER:**   The allegations in Paragraph 56 of the Complaint are directed to Defendant Leonard and no response is required from TDMC or TDCIS.  To the extent a response is required TDMC denies the allegations in Paragraph 56 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff.  TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint and therefore, denies the allegations.

57.     Defendant Leonard's conduct was the cause of The Doctors Company's actions in terminating plaintiff's continuing business relationship with them.

**ANSWER:**   The allegations in Paragraph 57 of the Complaint are directed to Defendant Leonard and no response is required from TDMC or TDCIS.  To the extent a response is required TDMC denies the allegations in Paragraph 57 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff.  TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint and therefore, denies the allegations.

58.     Defendant Leonard's intentional interference has caused Plaintiff considerable damages.

**ANSWER:**   The allegations in Paragraph 58 of the Complaint are directed to Defendant Leonard and no response is required from TDMC or TDCIS.  To the extent a response is required TDMC denies the allegations in Paragraph 58 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff.  TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint and therefore, denies the allegations.

59.    As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

**ANSWER:**   The allegations in Paragraph 59 of the Complaint are directed to Defendant Leonard and no response is required from TDMC or TDCIS.  To the extent a response is required TDMC denies the allegations in Paragraph 59 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff and denies the allegations in Paragraph 59 of the Complaint.

**COUNT IV**
**NATIONAL ORIGIN DISCRIMINATION – TITLE VII, 42 U.S.C. § 2000e**
*(The Doctors Company Defendants)*

60.    All preceding paragraphs are incorporated by reference.

**ANSWER:**   Defendants reallege and incorporate by reference their answers to Paragraphs 1-59 of Plaintiff's Complaint as if fully set forth herein.

61.     At all relevant times, Plaintiff and Defendants were covered by and within the meaning of the Title VII, 42 U.S.C. § 2000e *et. seq.* ("Title VII").

**ANSWER:**   Defendant TDMC admits that at times Plaintiff was employed and Defendant TDMC was his employer within the meaning of Title VII.   Defendant denies the allegations in Paragraph 61 of the Complaint as to TDCIS.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS and denies the allegations in Paragraph 61 of the Complaint.

62.     Plaintiff is of Mexican ancestry and identifies as a Latino.

**ANSWER:**   Defendant TDMC admits that Plaintiff voluntarily reported to Defendant as part of an EEO Survey that he identifies as "Hispanic or Latino: A person of Cuban, Mexican, Puerto Rican, South or Central American, or Other Spanish culture or origin, regardless of race."

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS Defendant TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 62 of the Complaint and therefore, denies the allegations.

63.     Beside Plaintiff, all of his comparable coworkers and superiors were Caucasian.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 63 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS Defendant TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 63 of the Complaint and therefore, denies the allegations.

64.     Plaintiff was treated differently than similarly situated Caucasian and non-Latino employees.

**ANSWER:** Defendant TDMC denies the allegations in Paragraph 64 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff.  Defendant TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 64 of the Complaint and therefore, denies the allegations.

65. Comparable Caucasian employees have made similar political statements as private individuals.

**ANSWER:** Defendant TDMC denies the allegations in Paragraph 65 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff.  Defendant TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 65 of the Complaint and therefore, denies the allegations.

66. Defendant's decision to discipline and terminate Plaintiff was based on his national origin and associated stereotypes.

**ANSWER:** Defendant TDMC denies the allegations in Paragraph 66 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff.  Defendant TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 66 of the Complaint and therefore, denies the allegations.

67.     Plaintiff has received his right to sue under Title VII and his claim is timely.

*(Exhibit A)*

**ANSWER:**   Defendants TDMC admit that Plaintiff has received a Right to Sue letter. The remaining allegation in Paragraph 67 calls for a legal conclusion for which no response is required.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. Defendant TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 67 of the Complaint and therefore, denies the allegations.

68.     As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 68 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff and denies the allegations in Paragraph 68 of the Complaint.

### COUNT V
### VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT
### NATIONAL ORIGIN DISCRIMINATION -- MCL 37.2701
*(The Doctors Company Defendants)*

69.     Plaintiff incorporates all preceding paragraphs by reference.

**ANSWER:** Defendants reallege and incorporate by reference their answers to Paragraphs 1-68 of Plaintiff's Complaint as if fully set forth herein.

70.    At all relevant times, Plaintiff and Defendants were covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq (the "ELCRA").

**ANSWER:** Defendant TDMC admits that at times Plaintiff was an employee and Defendant TDMC was his employer within the meaning of Michigan's ELCRA. Defendant denies the allegations in Paragraph 70 of the Complaint as to TDCIS.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS and denies the allegations in Paragraph 70 of the Complaint.

71.    Plaintiff is of Mexican ancestry and identifies as a Latino.

**ANSWER:** Defendant TDMC admits that Plaintiff voluntarily reported to Defendant as part of an EEO Survey that he identifies as "Hispanic or Latino: A person of Cuban, Mexican, Puerto Rican, South or Central American, or Other Spanish culture or origin, regardless of race."

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. Defendant TDCIS lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 71 of the Complaint and therefore, denies the allegations.

72.    Defendants violated the ELCRA by excluding Plaintiff and treating him unequal to Caucasian employees based on being a Latino.

**ANSWER:** Defendant TDMC denies the allegations in Paragraph 72 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff and denies the allegations in Paragraph 72 of the Complaint.

73.     Plaintiff alleges that this he was unfairly disciplined and ultimately terminated due to his national origin.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 73 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff and denies the allegations in Paragraph 73 of the Complaint.

74.     As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

**ANSWER:**   Defendant TDMC denies the allegations in Paragraph 74 of the Complaint.

Defendant TDCIS is not a proper defendant as Plaintiff was not employed with TDCIS. TDCIS denies that it engaged in any conduct with regard to Plaintiff and denies the allegations in Paragraph 74 of the Complaint.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.     Grant Plaintiff all available compensatory damages for economic injury, including back and front pay, liquidated damages, extreme mental and emotional distress, humiliation,

outrage, economic damages, loss of employment opportunity, harm to reputation, loss of earning capacity, punitive damages, and any other damages available by law;

b.      Grant Plaintiff's reasonable attorney's fees and costs incurred in this litigation; and

c.      Grant all such further relief as shall meet equity and good conscience.

**ANSWER:**   Defendants assert that the allegations contained in the Request for Relief paragraphs of Plaintiff's Complaint (the "WHEREFORE" clause) constitute legal conclusions for which no answer is required.  To the extent an answer is required, however, Defendants deny the allegations contained in the WHEREFORE clause, and also assert that Plaintiff is not entitled to any of the damages prayed for therein.  Further answering, Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint, including those set forth in the WHEREFORE Clause.

<u>**AFFIRMATIVE AND OTHER DEFENSES**</u>

1.      Some or all of the Complaint fails to state a claim against Defendants upon which relief may be granted.

2.      The Doctors Company Insurance Services, LLC is not a proper defendant as it was not Plaintiff's employer.  Plaintiff was employed with The Doctors Management Company.

3.      Defendant TDMC had legitimate, nondiscriminatory business reasons for all of the conduct alleged by Plaintiff, and there is no evidence that any of those reasons were a pretext for unlawful discrimination.

4.      Defendant TDMC has a written policy prohibiting discrimination, harassment, and retaliation that was in place at the time of the events alleged in the Complaint and TDMC enforced that policy.  TDMC is not liable for any discrimination, harassment, or retaliation

allegedly committed by one of its employees against Plaintiff – under a theory of *respondeat*

*superior* or otherwise – if Plaintiff did not report that conduct to TDMC so that it could enforce

the policy, address the conduct, and protect Plaintiff against any future discrimination,

harassment, or retaliation.

5.     TDMC based its decision to terminate Plaintiff on TDMC's honest belief Plaintiff

was no longer qualified for the Government Relations Specialist position, and even if TDMC's

belief was erroneous – and it was not – the basis for TDMC's decision to terminate Plaintiff's

employment was not pretextual.

6.     Plaintiff did not engage in any protected activity.

7.     If Plaintiff did engage in any protected activity, there was no causal connection

between that activity and any of Defendant TDMC's alleged retaliatory conduct.

8.     If Plaintiff were required to exhaust any administrative remedies with the Equal

Employment Opportunity Commission ("EEOC") and/or any other federal, state, or local

administrative agency before filing this civil action against Defendant TDMC, and Plaintiff

failed to do so, some or all of his claims may be barred as a matter of law.

9.     To the extent any claims asserted by Plaintiff exceed the scope of or are

inconsistent with any charge or complaint of discrimination and/or retaliation Plaintiff did file

with the EEOC and/or any other federal, state, or local administrative agency, or exceeded the

scope any investigation conducted by one of these agencies, some or all of Plaintiff's claims may

be barred as a matter of law.

10.     If Plaintiff failed to timely file this civil action after receiving notice the EEOC

and/or any other federal, state, or local administrative agency had dismissed his charge or

complaint of discrimination and/or retaliation, some or all of Plaintiff's claims may be barred as

a matter of law.

11.    Defendants did not engage in any federal or state action and did not act "under color of law" when dealing with Plaintiff, and thus Plaintiff's claims under the 1st Amendment to the United States Constitution, 42 U.S.C. § 1983, and 42 U.S.C. § 1985 fail as a matter of law.

12.    If any of TDMC's employees or agents were acting outside the scope of their authority, then TDMC cannot be held liable – under a theory of *respondeat superior* or otherwise – for any injuries or damages allegedly caused by that conduct.

13.    Plaintiff has failed to mitigate his damages, if any.

14.    Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of unclean hands, laches, waiver, and/or estoppel.

15.    Defendant TDMC acted in good faith towards Plaintiff at all times and without any discriminatory or retaliatory intent, and there is no evidence Defendant acted with malice or reckless indifference towards Plaintiff's federally protected rights.

16.    Punitive damages are not recoverable under Michigan law and Plaintiff may not recover exemplary damages on any of his state law claims.  To the extent punitive damages are recoverable on any of Plaintiff's federal claims, TDMC cannot be held liable – under a theory of *respondeat superior* or otherwise – for any such damages based on decisions made by its employees or agents that were contrary to TDMC's good faith efforts to comply with the law.

17.    Defendants rely on all other defenses available to it under Title VII, the 1st Amendment to the United States Constitution, 42 USC §1983, 42 U.S.C. § 1985, and the common law of Michigan as may be applicable to the facts of this case.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to file, upon completion of its investigation and discovery,

such amended answers and affirmative defenses as may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants The Doctors Management Company and The Doctors Company Insurance Services, LLC, respectfully request that this Honorable Court dismiss Plaintiff's Complaint in its entirety and award Defendants costs, reasonable attorneys' fees, and such other relief as this Court deems just and equitable.

## RELIANCE ON DEMAND FOR TRIAL BY JURY

Defendants, by their attorneys, **LITTLER MENDELSON P.C.**, rely upon Plaintiff's Demand for Trial by Jury only to the extent that it demands a trial by jury of any questions of fact.

*LITTLER MENDELSON, P.C.*

*/s/ Jaclyn R. Giffen*

JACLYN R. GIFFEN (P75316)
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
Telephone:     (313) 202-3261
Facsimile:      (313) 446-6405
jgiffen@littler.com
*Attorneys for Defendant*

Dated: November 2, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on November 2, 2018, via:

| | | | |
|---|---|---|---|
| _____ | U. S. Mail | _____ | Facsimile |
| X | ECF Filing | _____ | Hand Delivery |
| _____ | E-Mail | _____ | Federal Express |

*/s/ Jaclyn R. Giffen*

Jaclyn R. Giffen