UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN MEDINA,

      Plaintiff,

v.

TOM LEONARD, Michigan State
Representative, in his official and
individual capacity, THE DOCTORS
COMPANY INSURANCE SERVICES,
LLC and THE DOCTORS MANAGE-
MENT COMPANY, jointly and
severally,

      Defendants.

CASE NO.  1:18-cv-01111
HON. JANET T. NEFF
MAG. ELLEN S. CARMODY

---

Jack W. Schultz (P78078)
Elizabeth A. Gotham (P79058)
SCHULTZ GOTHAM PLC
*Attorneys for Plaintiff*
P.O. Box 44855
Detroit, Michigan  48244
(313) 652-1906
jackwschultz@gmail.com
ebotham@schultzgotham.com

Timothy H. Howlett (P24030)
Christina K. McDonald (P73517)
DICKINSON WRIGHT PLLC
*Attorneys for Defendant Tom Leonard*
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500
thowlett@dickinsonwright.com
cmcdonald@dickinsonwright.com

Jaclyn R. Giffen (P75316)
LITTLER MENDELSON, P.C.
*Attorneys for Defendants The Doctors
Company Insurance Services and The
Doctors Management Company, only*
200 Renaissance Center, Suite 3110
Detroit, Michigan  48243
(313) 202-3261
jgiffen@littler.com

## ANSWER AND AFFIRMATIVE DEFENSES
## FOR DEFENDANT TOM LEONARD

NOW COMES Defendant TOM LEONARD ("Defendant Leonard"), by his attorneys Dickinson Wright PLLC, and for his Answer and Affirmative Defenses to Plaintiff's Complaint states as follows:

## INTRODUCTION

1.      Plaintiff Nathan Medina was employed as a Government Relations (sic) with The Doctors Company from May 2014 until his employment was abruptly ended following the intervention of Michigan Speaker of the House Tom Leonard who pressured The Doctors Company to terminate Plaintiff.  Leonard's actions arose from a Facebook post by Plaintiff criticizing his performance as Speaker and his endorsement by rock artist Ted Nugent—comments which are protected free speech under the First Amendment.  Although The Doctors Company is a private entity, its actions are deemed to be "under the color of law" or subject to liability for constitutional violations if the actions were coerced or encouraged by a public actor under the "State Compulsion Test."  The present case represents a model example of this well-established law.

Additionally, Plaintiff alleges that he received unequal treatment on the basis of his national origin, Latino, as numerous Caucasian colleagues have openly criticized elected officials and shared political beliefs without repercussion. Plaintiff, who on information and belief was the only Latino in The Doctors Company's Government Relations Department was treated as an outsider and ultimately terminated due to a double standard.

ANSWER:  Defendant Leonard denies that he intervened in the employment of Plaintiff or pressured The Doctor's Company to terminate Plaintiff.  Defendant Leonard neither admits nor denies the remaining allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations or because they call for a legal conclusion and no response is required.

## PARTIES

2.     Plaintiff Nathan Medina is an individual who was employed by Defendants and resides in Ingham, Michigan.

ANSWER:  Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

3.     Defendant Tom Leonard is an individual and elected member of the Michigan House of Representatives.  Tom Leonard currently serves as Speaker of the Michigan House of Representatives.  On information and belief, Tom Leonard is a resident of the Western District of Michigan.

ANSWER:  Defendant Leonard admits.

4.     The Doctors Company Insurance Services, LLC, is a Foreign Limited Liability Company organized under the laws of the State of California.  The Doctors Company Insurance Services, LLC, registered business address in Michigan is 601 Abbot Rd. East Lansing, MI 48823.

ANSWER:  Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

5.     Defendant The Doctors Management Company, on information and belief, is a Foreign Limited Liability Company organized under the laws of the State of California.

ANSWER:  Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

## JURISDICTION AND VENUE

6.     This Court has exclusive jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and laws of the United States, specifically under the First Amendment related to free speech, wherein the termination was triggered by the Plaintiff's speech addressing matters of public concern, and due process claims under 42 U.S.C. § 1983 regarding the deprivation of the Plaintiff's constitutionally protected property and liberty interests.

ANSWER:  Defendant Leonard admits that jurisdiction is proper in this Court and that Plaintiff's Complaint alleges purported violations of the First Amendment relating to free speech.  Defendant Leonard denies that he caused the Plaintiff's termination or deprived the Plaintiff of any protected interest as asserted in the Complaint or in any other manner.

7.     The Court has original jurisdiction over Plaintiff's Title VII claims pursuant to § 706 of Title VII, 42 U.S.C. § 2000 *et seq*.

ANSWER:  Defendant Leonard admits that jurisdiction is proper in this Court.

8.     Plaintiff has exhausted all available administrative remedies and has obtained his "right to sue letter" from the EEOC. (***Exhibit A***)

ANSWER:  Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

9.     This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

ANSWER:  Defendant Leonard admits that venue is proper in this Court.

10.    Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

ANSWER:  Defendant Leonard admits that this Court has jurisdiction over Plaintiff's state claims.

## **GENERAL ALLEGATIONS**

11.    Plaintiff Nathan Medina ("Plaintiff" or "Medina") is of Mexican ancestry.

ANSWER:  Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

12.    The Doctors Company is the nation's largest physician-owned medical malpractice insurer and is based out of Napa, California.

ANSWER:  Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

13.    Plaintiff began his employment at (sic) with Defendants The Doctors Company Insurance Services, LLC, and The Doctors Management Company (collectively, "The Doctors Company") as a Government Relations Specialist in their East Lansing, Michigan office beginning May 2014.

ANSWER:  Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

14.    Plaintiff was interviewed and selected for hire by the Assistant Vice-President of Government Relations Hal Dasinger ("AVP Dasinger").

ANSWER:  Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

15.   Aside from Plaintiff, the majority of The Doctors Company's governmental affairs employees were based out of Napa, California.

ANSWER:  Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

16.   In his position, Plaintiff oversaw legislative issues in fifteen states, Connecticut, Delaware, Illinois, Indiana, Kansas, Kentucky, Maryland, Michigan, Missouri, New Jersey, New York, Ohio, Pennsylvania, Wisconsin, and West Virginia.

ANSWER:  Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

17.   The work in the above listed States is far from equal.  The clear majority of the work occurred in Ohio, Missouri, Illinois, and New York.  Notably, very little lobbying has been done in Michigan and other states with significant tort reform.

ANSWER:  Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

18.   Plaintiff also managed to (sic) multi-client lobbyists Sean Mentel and Rich AuBuchon.

ANSWER: Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

19.  During Plaintiff's employment with the Doctor's company he regularly received positive performance reviews. However, he felt he was treated as somewhat of an outsider from Defendant as the Company's management was almost entirely made of white males.

ANSWER: Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

20.  On information and belief, Plaintiff was the only Latino employee in The Doctors Company's government relations department.

ANSWER: Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

21.  During Plaintiff's employment with The Doctors Company there were several inferences of stereotypes against him based on being Mexican by Caucasian employees.

ANSWER: Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

22.  The receptionist in the East Lansing office, regularly referred to Plaintiff as "Wayne Newton" due to his appearance. Notably, Wayne Newton has distinct Native American features similar to that of Plaintiff.

ANSWER:  Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

23.    In 2016, AVP Hasinger departed The Doctors Company and was replaced by Elizabeth Healy ("AVP Healy").

ANSWER:  Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

24.    Around the week of September 5, 2016, during a government relations retreat at the Silverado Resort and Spa in Napa, CA, Plaintiff mentioned to AVP Healy that he felt challenged in his position as a Latino, as well as being the only Latino in his branch of the company.  AVP Healy acknowledged Plaintiff's struggles and mentioned that she too felt she was met with higher standards as a woman and that the structure of The Doctors Company was hostile to people who were not white males.

ANSWER:  Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

25.    Outside of work, Plaintiff was very vocal within the community as to his views, concerns, and disagreements in politics.  Plaintiff frequently posts his personal opinions on his private social media account.

ANSWER:  Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

26.    It was common for employees at The Doctors Company to openly discuss politics and their political beliefs publicly.

ANSWER:  Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

27.     On November 20, 2017, the Plaintiff shared a Facebook post of current Michigan Speaker of the House, Defendant Tom Leonard ("Defendant Leonard") in which Defendant Leonard announced his endorsement by rock musician Ted Nugent in the upcoming election for Michigan Attorney General.  Plaintiff commented on his own private personal Facebook questioning Defendant Leonard's judgment in showcasing an endorsement from Nugent.  *(Exhibit B)*  Specifically, Plaintiff emphasized Ted Nugent's previous alleged relationships with underage women and song lyrics glorifying sexual encounters with underage women—or "jailbait." Plaintiff also referred to Defendant Leonard as the "worst Speaker of the Michigan House of Representatives in a generation."  *(Exhibit B)*

ANSWER:  Defendant Leonard neither admits nor denies the allegations because Plaintiff's Facebook post speaks for itself and is the best evidence of its contents.

28.     Plaintiff submitted this comment on his personal Facebook page as a private citizen on a matter of public interest.

ANSWER:  Defendant Leonard neither admits nor denies the allegations as they call for a legal conclusion for which no response is required.

29.     The First Amendment to the Constitution of the United States protects the rights of private citizens to speak freely on subjects of their choice including, but not limited to, the subject electoral politics, elected politicians, public officials, and the nature of such individuals' political activities and affiliations.

ANSWER:  Defendant Leonard neither admits nor denies the allegations as they call for a legal conclusion for which no response is required.

30.     Shortly after the Facebook post, Plaintiff received a call from The Doctors Company's Human Resources Attorney Jason Yamamoto ("HR

Yamamoto"). HR Yamamoto stated that The Doctors' Company had been contacted by Defendant Leonard who complained about Plaintiff's post and that Defendant Leonard would be blackballing Plaintiff indefinitely due to the Facebook post.

ANSWER: Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

31.   Defendant Leonard pressured and urged The Doctors Company to take disciplinary action against Plaintiff due to his protected speech.

ANSWER: Defendant Leonard denies.

32.   HR Yamamoto requested Plaintiff remove the statement and Plaintiff complied.

ANSWER: Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

33.   HR Yamamoto vaguely stated that there he was aware of "other conduct" by Plaintiff that "reflects poorly" on The Doctors Company. However, Plaintiff has never been provided with any information beyond this vague statement and no complaints have ever been brought to his attention.

ANSWER: Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

34.   The Plaintiff was shortly thereafter terminated on November 27, 2017, because of voicing his political views. Plaintiff was explicitly informed during the meeting that his termination was due to statements from Defendant Leonard.

ANSWER:   Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

35.    Subsequently, Plaintiff was informed that his former coworkers were notified that Plaintiff was an excellent employee but "their hands were tied" due to the situation with Defendant Leonard.

ANSWER:   Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

36.    Plaintiff believes his termination by The Doctors Company to be racial discriminatory as numerous Caucasian colleagues have openly criticized elected politicians without any repercussion.   In terminating Plaintiff, a Latino, for conduct routinely committed by his Caucasian colleagues, The Doctors Company subjected Plaintiff to unequal treatment on the basis of national origin.

ANSWER:   Defendant Leonard neither admits nor denies the allegations stating he lacks knowledge or information sufficient to form a belief as to the truth of the allegations with regarding to what Plaintiff "believes".

## COUNT I
## TERMINATION IN VIOLATION OF 1ST AMENDMENT -- 42 USC 1983
### (*All Defendants*)

37.    Defendant Leonard realleges and incorporates by reference his answers to paragraphs 1 through 36 of Plaintiff's Complaint as if fully set forth herein.

38.    The First Amendment to the Constitution of the United States protects the rights of private citizens to speak freely on subjects of their choice.  This includes the subject electoral politics, elected politicians, public officials, and the nature of such individuals' political activities and affiliations.

ANSWER:  Defendant Leonard neither admits nor denies the allegations as they call for a legal conclusion for which no response is required.

39.    Plaintiff exercised his various First Amendment rights as a private citizen on matters of public concern relating to Defendant Leonard's performance and questionable endorsements.

ANSWER:  Defendant Leonard neither admits nor denies the allegations as they call for a legal conclusion for which no response is required.

40.    As set forth above, Plaintiff engaged in constitutionally-protected speech on matters of public concern.

ANSWER:  Defendant Leonard denies.

41.    Defendant Leonard's actions were intended to cause a chilling effect on Plaintiff's protected speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

ANSWER:  Defendant Leonard denies.

42.    Defendant Leonard's actions, inducing The Doctors Company to terminate plaintiff's employment, was (sic) in retaliation for Plaintiff's exercise of First Amendment rights.   This retaliation against Plaintiff violates his First Amendment rights under 42 USC § 1983.

ANSWER:  Defendant Leonard denies.

43.    A reasonable government official in the position of Defendant Leonard would know that their actions directed against Plaintiff would violate his First Amendment constitutional rights.

ANSWER:  Defendant Leonard denies that his actions violated Plaintiff's First Amendment rights.

44.    Defendant Leonard acted with such coercive power and provided such significant encouragement of discipline against Plaintiff that in the law the choice of

The Doctors Company was that of the State's and/or his.  As such, The Doctors Company acted under the color of law with respect to Plaintiff's discharge under the "State Compulsion Test."

ANSWER:  Defendant Leonard denies.

45.    Defendants acted with malice with regard to the deprivation of Plaintiff's Constitutional rights.

ANSWER:  Defendant Leonard denies.

46.    As a result of the conduct complained of herein, Plaintiff suffered a deprivation of clearly-established rights protected and secured by the First and Fourteenth Amendments to the United States Constitution and by other laws, including the right to free speech and the right to be free from retaliation for exercising the right to free speech.

ANSWER:  Defendant Leonard denies.

47.    As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

ANSWER:  Defendant Leonard denies.

## COUNT II
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985
### *(All Defendants)*

48.    Defendant Leonard realleges and incorporates by reference his answers

to paragraphs 1 through 47 of Plaintiff's Complaint as if fully set forth herein.

49.    Defendant Leonard contacted The Doctors Company Defendants seeking discipline and/or termination against the Plaintiff because of his constitutionally protected speech.  In doing so, Defendant Leonard was seeking to chill Plaintiff's protected speech.

ANSWER:  Defendant Leonard denies.

50.     Acting jointly, Defendants engaged and participated in, and acted in furtherance of, a conspiracy, the predominate purposes of which was to unconstitutionally deprive Plaintiff of his right of freedom of speech guaranteed under the First Amendment to the United States Constitution as applied to the states and their political subdivisions under the Fourteenth Amendment to be free of coercive interference with the constitutional right to protected private speech of matters of public concern in violation of 42 U.S.C. § 1985.

ANSWER:  Defendant Leonard denies.

51.     As a direct and proximate result of actions taken by the Defendants in furtherance of the foregoing conspiracy to deprive plaintiff of his rights, plaintiff has suffered and will continue to suffer substantial damages, including but not limited to pain and suffering, mental anguish and emotional distress, embarrassment and humiliation and loss of employment opportunities.

ANSWER:  Defendant Leonard denies.

**COUNT III**
**INTENTIONAL INTERFERENCE WITH**
**BUSINESS RELATIONSHIP OR EXPECTANCY**
***(All Defendants)***

52.     Defendant Leonard realleges and incorporates by reference his answers to paragraphs 1 through 51 of Plaintiff's Complaint as if fully set forth herein.

53.     Plaintiff had a valid business relationship and/or business expectancy with Defendants The Doctors Company Insurance Services, LLC, and The Doctors Management Company, through his continuing employment as a Government Relations Specialist.

ANSWER:   Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

54.   This business relationship provided an economic benefit to Plaintiff and was likely to continue providing him with an economic benefit well into the foreseeable future.

ANSWER:   Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

55.   Defendant Leonard was aware of this business relationship and/or expectancy.

ANSWER:  Defendant Leonard denies.

56.   Defendant Leonard intentionally and improperly interfered with this business relationship and/or expectancy, by blacklisting Plaintiff and using political pressure to induce The Doctors Company to terminate Plaintiff because Plaintiff's protected speech was not to Defendant Leonard's personal liking.

ANSWER:  Defendant Leonard denies.

57.   Defendant Leonard's conduct was the cause of The Doctors Company's actions in terminating plaintiff's continuing business relationship with them.

ANSWER:  Defendant Leonard denies.

58.   Defendant Leonard's intentional interference has caused Plaintiff considerable damages.

ANSWER:  Defendant Leonard denies.

59.   As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

ANSWER:  Defendant Leonard denies.

-14-

**COUNT IV**
**NATIONAL ORIGIN DISCRIMINATION – TITLE VII, 42 U.S.C. § 2000e**
*(The Doctors Company Defendants)*

60.     Defendant Leonard realleges and incorporates by reference his answers to paragraphs 1 through 59 of Plaintiff's Complaint as if fully set forth herein.

61.     At all relevant times, Plaintiff and Defendants were covered by and within the meaning of the Title VII, 42 U.S.C. § 2000e *et. seq.* ("Title VII").

ANSWER:     The allegations are directed to The Doctors Company Defendants, and no response is required from Defendant Leonard.  To the extent a response is required, Defendant Leonard neither admits nor denies the allegations as they call for a legal conclusion for which no response is required.

62.     Plaintiff is of Mexican ancestry and identifies as a Latino.

ANSWER:     The allegations are directed to The Doctors Company Defendants, and no response is required from Defendant Leonard.  To the extent a response is required, Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

63.     Beside Plaintiff, all of his comparable coworkers and superiors were Caucasian.

ANSWER:     The allegations are directed to The Doctors Company Defendants, and no response is required from Defendant Leonard.  To the extent a response is required, Defendant Leonard neither admits nor denies the allegations

-15-

because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

64. Plaintiff was treated differently than similarly situated Caucasian and non-Latino employees.

ANSWER: The allegations are directed to The Doctors Company Defendants, and no response is required from Defendant Leonard. To the extent a response is required, Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

65. Comparable Caucasian employees have made similar political statements as private individuals.

ANSWER: The allegations are directed to The Doctors Company Defendants, and no response is required from Defendant Leonard. To the extent a response is required, Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

66. Defendant's decision to discipline and terminate Plaintiff was based on his national origin and associated stereotypes.

ANSWER: The allegations are directed to The Doctors Company Defendants, and no response is required from Defendant Leonard. To the extent a response is required, Defendant Leonard neither admits nor denies the allegations

because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

67.    Plaintiff has received his right to sue under Title VII and his claim is timely.  *(Exhibit A)*

ANSWER:    The allegations are directed to The Doctors Company Defendants, and no response is required from Defendant Leonard.  To the extent a response is required, Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations and because they call for a legal conclusion for which no response is required.

68.    As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

ANSWER:    The allegations are directed to The Doctors Company Defendants, and no response is required from Defendant Leonard.  To the extent a response is required, Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

## COUNT V
## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT
## NATIONAL ORIGIN DISCRIMINATION – MCL 37.2701
### *(The Doctors Company Defendants)*

69.    Defendant Leonard realleges and incorporates by reference his answers to paragraphs 1 through 68 of Plaintiff's Complaint as if fully set forth herein.

70.    At all relevant times, Plaintiff and Defendants were covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq (the "ELCRA").

ANSWER:    The allegations are directed to The Doctors Company Defendants, and no response is required from Defendant Leonard.  To the extent a response is required, Defendant Leonard neither admits nor denies the allegations as they call for a legal conclusion for which no response is required.

71.    Plaintiff is of Mexican ancestry and identifies as a Latino.

ANSWER:    The allegations are directed to The Doctors Company Defendants, and no response is required from Defendant Leonard.  To the extent a response is required, Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

72.    Defendants violated the ELCRA by excluding Plaintiff and treating him unequal to Caucasian employees based on being a Latino.

ANSWER:    The allegations are directed to The Doctors Company Defendants, and no response is required from Defendant Leonard.  To the extent a

response is required, Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

73. Plaintiff alleges that this he was unfairly disciplined and ultimately terminated due to his national origin.

ANSWER: The allegations are directed to The Doctors Company Defendants, and no response is required from Defendant Leonard. To the extent a response is required, Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

74. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

ANSWER: The allegations are directed to The Doctors Company Defendants, and no response is required from Defendant Leonard. To the extent a response is required, Defendant Leonard neither admits nor denies the allegations because he is without sufficient knowledge or information to form a belief as to the truth of the allegations.

WHEREFORE, Defendant Leonard requests that this Court enter a judgment of no cause of action in his favor and against Plaintiff and award Defendant his

reasonable costs and attorneys' fees and such other relief as this Court deems just and proper.

## AFFIRMATIVE AND SPECIAL DEFENSES

Defendant Leonard states as follows for his Affirmative and Special Defenses to Plaintiff's Complaint:

1.      Some or all of the Complaint fails to state a claim against Defendants upon which relief may be granted.

2.      Plaintiff's claims against Defendant Leonard are barred by sovereign immunity under the Eleventh Amendment, legislative immunity and qualified immunity.

3.      Upon information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff failed to comply with the mandatory notice provisions of the Court of Claims Act, MCL 600.6431.

4.      Plaintiff has failed to mitigate his damages, if any.

5.      Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of unclean hands, laches, waiver and/or estoppel.

6.      Defendant reserves the right to add any additional affirmative defenses that may be determined through discovery.

WHEREFORE, Defendant Leonard requests that this Court enter a judgment of no cause of action in his favor and against Plaintiff and award Defendant his

reasonable costs and attorneys' fees and such other relief as this Court deems just and proper.

DICKINSON WRIGHT PLLC


By: */s/ Timothy H. Howlett*
    Timothy H. Howlett (P24030)
Christina K. McDonald (P73517)
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
(313) 223-3500
thowlett@dickinsonwright.com
cmcdonald@dickinsonwright.com

Attorneys for Defendant Tom Leonard

Dated:  December 3, 2018


## CERTIFICATE OF SERVICE

I certify that on December 3, 2018, I electronically filed the foregoing *Answer and Affirmative Defenses for Defendant Tom Leonard* with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.


*/s/ Colleen L. Maguire*
Legal Secretary
DICKINSON WRIGHT, PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226-3425
(313) 223-3500
cmaguire@dickinsonwright.com

DETROIT 85421-1 1481522v3A